## LISTON *v.* STATLER ET AL.

*Venue — Action for false arrest — Defendants residents of · different counties — Suit to be brought in county of arrest — Charge to jury — Section 11271, General Code — Existence of conspiracy — Question for jury.*

1. An action for conspiracy in causing false arrest which occurred in Medina county was brought in that county against defendants, some of whom were residents of Ashland and one a resident of Medina county. The court charged the jury 'in substance that unless the jury found the resident of Medina county liable, its verdict should be for the other defendants. *Held:* That this was error as the cause of action arose at the time and place when plaintiff was placed under arrest in Medina county and that such action was properly brought in such county under Section 11271, General Code.

2. The existence of a conspiracy is a question for the jury and it is error for the court to withdraw the consideration thereof from the jury, unless the court can say as a matter of law that there is no proof whatever tending to establish a conspiracy.

(Decided October 24, 1917.)

ERROR: Court of Appeals for Medina county.

*Mr. J. L. Mason,* for plaintiff in error.

*Messrs. Kean & Adair; Mr. Frank Woods* and *Messrs. Semple & Sherrick,* for defendants in error.

LIEGHLEY, J. The parties stood in the same order in the court below.

The events leading up to this action began by the execution of a mortgage upon certain chattel property by the plaintiff, then a resident of Ashland county, to the defendant Statler, then a resident of Wayne county. When the mortgage be-

came due, foreclosure proceedings were begun in the common pleas court of Ashland county, which resulted in a decree of foreclosure for Statler and an order of sale. An appeal was taken to the court of appeals by plaintiff, Elmore Liston, which resulted in a judgment of affirmance, an appeal bond having been duly executed. Execution was issued on the order of sale made in the foreclosure proceeding, which was returned by the sheriff unsatisfied. Suit was brought on the appeal bond, judgment rendered, and levy made upon the property of one of the bondsmen. A month or two after the execution in the foreclosure was returned, the plaintiff removed his chattels, or a part thereof covered by the chattel mortgage, from Ashland county to Medina county. Subsequent thereto Statler swore to an affidavit before defendant R. L. Adair, as notary, in Wayne county, charging plaintiff with unlawfully removing chattel property from the county of Ashland. Said affidavit was conveyed somehow to Ashland county and filed with defendant J. C. Sloan, a justice of the peace in and for Montgomery township, Ashland county, Ohio. Said Sloan issued a warrant for plaintiff Liston, and delivered the same to defendant Robert Berry, whom he deputized as a special constable. Berry, armed with said warrant, proceeed to Medina to arrest plaintiff, where he employed the defendant E. T. Pierce to drive him to plaintiff's home, at which place defendant Berry called said Pierce to his assistance to aid him in executing said warrant by arresting plaintiff. By them plaintiff was taken to Medina and from thence to Ashland by Berry, and placed in the Ashland county jail, then under

the supervision and in the charge of the defendant
R. A. Davis as sheriff, where plaintiff was con-
fined during the night without commitment. The
next day he was taken before said justice of the
peace, and after some hearing was released.

This action was begun in the common pleas
court of Medina county by plaintiff against all the
above-named defendants, charging them with un-
lawfully and maliciously conspiring together and
unlawfully obtaining his arrest and confinement.
He seeks damages for false imprisonment. Trial
was had in the court below. At the close of plain-
tiff's testimony the defendant Davis was discharged
from the case by the court. The jury returned a
verdict for the defendants, upon which verdict
judgment was entered, from which error is prose-
cuted to this court.

Many errors are assigned by the plaintiff. Spe-
cial attention is called herein to two of them.

In the charge to the jury the trial court with-
drew from its consideration the question of whether
or not a conspiracy was established by the proof.
The overt acts of each and all of the defendants
were before the jury. From these the plaintiff
claimed the ultimate fact of a conspiracy between
them was established. The defendants, and each
of them, deny this. The charge of the court can
only be justified upon the theory that there was no
evidence establishing a conspiracy. It is the prov-
ince of the court to look to the proof for some
evidence of the conspiracy, as a basis for deter-
mining whether or not the declaration of one al-
leged co-conspirator made during the progress of
and in furtherance of a common design and pur-

pose shall be admitted to bind other co-conspirators. However, the ultimate fact of conspiracy is solely a question for the jury, unless the proof is such that the court can say, as a matter of law, that there is no proof whatever tending to establish a conspiracy. This rule was applied in the case of *Davis et al.* v. *State of Ohio,* 20 C. C., 430, opinion by Hale, J.

We are wholly unprepared to say that there is no proof of a conspiracy between two or more of said defendants. We think that the overt acts established in the proof are such that the question of conspiracy was fairly one for the jury to pass upon. Whether the conspiracy existed between any two or more is a jury question. Each and every one of the defendants need not necessarily be a party thereto. Who, if any, were parties thereto is the ultimate fact to be decided. *Schenck et al.* v. *Knott,* 13 C. C., N.S., 41.

We think the trial court erred in withdrawing the determination of the ultimate fact of a conspiracy from the consideration of the jury.

The defendant Pierce was the only defendant who resided in Medina county. The other defendants resided either in Wayne or Ashland county. The court charged the jury in substance that unless the jury found the defendant Pierce liable, its verdict should be for the defendants, upon the theory that the remaining defendants being nonresidents, the court had no jurisdiction of the persons. It is claimed this was error.

It is our opinion that the cause of action, if any, arose at the point of time and place when plaintiff was placed under arrest by the defendants

Berry and Pierce, which was in Medina county. We agree with counsel for plaintiff that Section 11271, General Code, applies to this action. Therefore, the court had jurisdiction of the subject-matter under said section and summons may issue to other counties. If it be true, as claimed by plaintiff, that two or more of these defendants did wrongfully conspire together to the damage of plaintiff, it works no great hardship upon them to defend their action in the county where they caused the false arrest, for they thereby chose their own forum. We have examined the cases cited by counsel for defendants bearing upon this question, but neither one of them was an action of the character and kind that this one is. Neither one of those cases was brought under Section 11271, General Code, to which our attention has been called. We believe, and it is our opinion, that if the plaintiff has a cause of action upon the allegations contained in his petition it was properly brought in Medina county and that the court had jurisdiction of the subject-matter and the persons. Therefore, we find that the court erred in charging the jury that in the event the plaintiff had failed to establish his case against the defendant Pierce its verdict should be for all defendants.

We find no other prejudicial error in the record.

For the two errors above referred to the cause is reversed and remanded.

*Judgment reversed, and cause remanded.*

GRANT and CARPENTER, JJ., concur.